UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHZ DERLINA ABREU DURAN,<br><br>Plaintiff,<br><br>-against-<br><br>TACO BELL OF AMERICA, LLC D/B/A TACO BELL, ERIKA SARATE AND REZAUL KARIM, AS INDIVIDUALS,<br><br>Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 1:24-cv-8193 (FB) (MMH) |

*Appearances:*
*For the Plaintiff:*
JAMES PATRICK PETER
O'DONNELL
KATELYN MARIE SCHILLACI
ROMAN M. AVSHALUMOV
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415

*For the Defendants:*
ERIC D. RAPHAN
JAMIE MOELIS
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112

**BLOCK, Senior District Judge:**

Plaintiff Ashz Derlina Abreu Duran has brought various workplace discrimination and retaliation claims against defendants Taco Bell and its employees Rezaul Karim and Erika Sarate. Defendants Taco Bell and Karim move to compel arbitration. For the following reasons, Defendants' motion is GRANTED.

## I.

Duran was an employee of Taco Bell in Massapequa, NY during 2021–2024. Duran became pregnant in early 2024. She alleges that she informed the general manager, Erika Sarate, of this and requested accommodations, including to be moved from night shifts to morning shifts, and to be allowed a few days off for doctor's appointments. Duran alleges that, in response, she was removed from the work schedule. Following a subsequent call with Rezaul, the store manager, and a human resources employee, Duran alleges she was terminated. Duran brought the present action alleging that Defendants discriminated and retaliated against her due to her gender and pregnancy status.

Defendants have moved to compel arbitration on Duran's claims, contending that Duran signed an arbitration agreement, which they have provided as Defendant's Exhibit A ("Def.'s Ex. A"). Duran contends she never signed an arbitration agreement and disputes the authenticity of Def.'s Ex. A.

## II.

To resolve a motion to compel arbitration, courts apply a two-step approach to determine: "(1) whether the parties have entered into a valid agreement to arbitrate; and if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011).

A party seeking to compel arbitration must substantiate its entitlement thereto by a showing of evidentiary facts. *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995). If the moving party does so, "the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Id*. A moving party may meet its burden by attaching a copy of the purported arbitration agreement bearing the opposing party's signature. *Zamudio v. Aerotek, Inc.*, 733 F. Supp. 3d 931, 938 (E.D. Cal. 2024). If the opposing party challenges the validity of the signature, the moving party must establish its authenticity by a preponderance of the evidence. *Id*.

The issue here is whether Duran did, in fact, sign the arbitration agreement. Def.'s Ex. A. is a copy of the purported arbitration agreement, in English and Spanish, followed, by Duran's supposed e-signature and date on a separate page. Defendants represent that this is the arbitration agreement provided to its employees and that Duran signed this agreement during her onboarding, as evidenced by her e-signature. Smith Decl. ¶¶ 7–11. This agreement, and all onboarding documents, are provided to new hires via an online platform, accessed via a username and password set by the user. Raynor Decl. ¶¶ 6–8. Defendants represent that this signed agreement came from Duran's personnel file and that no one other than Duran could have accessed her account and signed the documents. *Id*. at ¶ 13; Raynor Decl. ¶ 9.

3

Duran contends that she never signed an arbitration agreement and disputes the authenticity of this document on two primary grounds: (1) the document is signed under the name "Ashly Abreu," rather than Duran's full legal name, Ashz Derlina Abreu Duran; and (2) the signature page may not have been part of the original document because it appears by itself after the arbitration agreement and is not paginated.

In their reply, Defendants submitted another exhibit, including Duran's job application and other onboarding documents purportedly signed by Duran. In all but one of these, Duran's name is printed or signed as "Ashly Abreu." Duran merely notes that this is not her full legal name but does not present any evidence that she never signs documents as "Ashly Abreu." Additionally, every one of the signed onboarding documents containing Duran's e-signature appears just like the arbitration agreement: on a standalone page following the relevant document and without pagination. Defendants represent that standalone, unpaginated signature pages are their standard practice and Duran presents no evidence to seriously dispute this.

The court concludes that Defendants have established the existence of an arbitration agreement signed by Duran as well as the authenticity of Duran's signature by a preponderance of the evidence. *Zamudio*, 733 F. Supp. 3d at 938.

Duran has failed to meet her burden to "submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer*, 56 F.3d at 358.

The next question is whether the agreement covers the present dispute. Duran asserts six causes of action under Title VII, New York State Human Rights Law, and New York City Human Rights Law, alleging workplace discrimination and retaliation by defendants. The arbitration agreement mandates arbitration of claims or disputes arising from Duran's employment with, or termination from, Taco Bell. Def.'s Ex. A at 2. Although Duran disputes the authenticity of the agreement, she does not seriously contest that the agreement covers her claims.

For the foregoing reasons, Defendants' motion to compel arbitration is GRANTED.

**SO ORDERED.**

                                            /S/ Frederic Block     
                                            FREDERIC BLOCK
                                            Senior United States District Judge

Brooklyn, New York
September 23, 2025